# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20-80-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| LAURA ANN MATYE, | |
| Defendant. | |

## I.  Synopsis

Defendant Laura Ann Matye (Matye) has been accused of violating the conditions of her supervised release.  Matye admitted all of the alleged violations.  Matye's supervised release should be revoked.  Matye should be placed in custody for 6 months, with 26 months of supervised release to follow.

## II.  Status

Matye pleaded guilty to Possession with Intent to Distribute Heroin on February 17, 2021.  (Doc. 31).  The Court sentenced Matye to 21 months of custody, followed by 3 years of supervised release.  (Doc. 41).  Matye's current term of supervised release began on October 31, 2023.  (Doc. 60 at 2).

**Petition**

The United States Probation Office filed a Petition requesting that the Court revoke Matye's supervised release on November 28, 2023. (Doc. 60). The Petition alleged that Matye had violated the conditions of her supervised release: 1) by failing to complete her 60-day inpatient drug treatment program at Connections Corrections; and 2) by using methamphetamine.

**Initial appearance**

Matye appeared before United States Magistrate Judge Kathleen L. DeSoto on December 1, 2023, for her initial appearance on the petition. Matye was represented by counsel. Matye stated that she had read the petition and that she understood the allegations. Matye waived her right to a preliminary hearing.

**Revocation hearing**

The Court conducted a revocation hearing on December 11, 2023. The parties consented to proceed with the revocation hearing before the undersigned. Matye admitted that she had violated the conditions of his supervised release: 1) by failing to complete her 60-day inpatient drug treatment program at Connections Corrections; and 2) by using methamphetamine. The violations are serious and warrant revocation of Matye's supervised release.

Matye's violations are Grade C violations. Matye's criminal history

2

category is III.  Matye's underlying offense is a Class C felony.  Matye could be incarcerated for up to 24 months.  Matye could be ordered to remain on supervised release for up to 32 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III.  Analysis

Matye's supervised release should be revoked.  Matye should be incarcerated for 6 months, with 26 months of supervised release to follow.  This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Matye that the above sentence would be recommended to Chief United States District Judge Brian Morris.  The Court also informed Matye of her right to object to these Findings and Recommendations within 14 days of their issuance.  The Court explained to Matye that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.  Matye stated that she wished to waive her right to object to these Findings and Recommendations, and that she wished to waive her right to allocute before Judge Morris.

3

The Court **FINDS:**

> Laura Ann Matye violated the conditions of her supervised release: by
> failing to complete her 60-day inpatient drug treatment program at
> Connections Corrections; and by using methamphetamine.

The Court **RECOMMENDS:**

> The District Court should revoke Matye's supervised release and
> commit her to the custody of the United States Bureau of Prisons for
> 6 months, with 26 months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A district court judge will make a de

novo determination regarding any portion of the Findings and Recommendations

to which objection is made.  The district court judge may accept, reject, or modify,

in whole or in part, the Findings and Recommendations.  Failure to timely file

written objections may bar a de novo determination by the district court judge, and

may waive the right to appear and allocute before a district court judge.

DATED this 12th day of December, 2023.

John Johnston
United States Magistrate Judge

4